NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMELITO EXMUNDO,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>BELL, C/O; B. JOHNSON,<br><br>　　　　　Defendants-Appellees. | No.　14-16757<br><br>D.C. No. 1:06-cv-00205-AWI-DLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted [PLACEHOLDER], 2018**

Before:　THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

California state prisoner Emelito Exmundo appeals pro se from the judgment entered following an adverse jury verdict in this 42 U.S.C. § 1983 action.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. It was not error to deny Exmundo's challenge for cause regarding several jurors, who indicated that they knew persons involved in law enforcement. The district court specifically questioned those jurors, and all responded that they could be impartial. The record does not demonstrate that the district court's finding that these jurors could be impartial was manifestly erroneous. *See Skilling v. United States*, 561 U.S. 358, 396–99 (2010) (no manifest error by finding that juror who stated she thought she could be impartial was fit for trial); *see also Tinsley v. Borg*, 895 F.2d 520, 529 (9th Cir. 1990) (jurors are not presumed to be biased solely because they work in law enforcement).

2. Nor did the district court abuse its discretion in its supervision of the trial. *See Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1102 (9th Cir. 1998). Exmundo was granted additional time to prepare his closing argument. Although Exmundo contends on appeal that he should have been granted a longer continuance, he made no such request to the district court and has not demonstrated a clear abuse of discretion. *See id.* Similarly, it was not an abuse of discretion to inform the jury about Exmundo's missing exhibit rather than continuing the trial indefinitely. *See id.* Exmundo did not suggest during the trial that he could obtain a replacement copy of the document or that he would otherwise be able to find the document if the court continued the trial.

14-16757

3.  Exmundo next argues, for the first time, that the jury instruction regarding excessive force was inadequate because it did not define the terms "sadistically" and "maliciously."  We review this contention for plain error, *see Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015), and determine there was none.  The instruction "fairly and adequately cover[ed] the issues presented, correctly state[d] the law, and [was] not misleading."  *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996).  The terms "sadistically" and "maliciously" are commonly understood terms, and the instruction informed the jurors of the specific factors to consider when determining whether the officers' conduct constituted excessive force.  *See United States v. McCaleb*, 552 F.3d 1053, 1059 (9th Cir. 2009).  Under the circumstances, there was no plain instructional error.  *See id.*

4.  We reject as unsupported by the record Exmundo's allegations of judicial bias.

5.  Exmundo's remaining contentions regarding the jury venire and prejudicial errors during the trial are vague, unsupported by the record, and were not specifically and distinctly raised and argued before the district court or in the briefing on appeal. Therefore, we do not consider them.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Exmundo's motion to strike the answering brief (Docket Entry No. 34) is denied.

14-16757

**AFFIRMED.**